

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50353 | **DATE** | 11/7/2003 |
| **CASE TITLE** | WURSTER vs. RIVERPORT RAILROAD, LLC | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to strike is denied. This case is dismissed in its entirety for lack of subject matter jurisdiction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | NOV 14 2003 date docketed | 29 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11-7-03 date mailed notice | |
| /SEC | courtroom deputy's initials | 2003 NOV -7 AM 9:13 Date/time received in central Clerk's Office | CR mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Paul V. Wurster, Jr. filed this action against defendant, Riverport Railroad, LLC, his employer, pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., for injuries sustained in the course of his employment. Defendant moves for summary judgment claiming lack of subject matter jurisdiction in this court.[1] Defendant argues it is not a "common carrier" within the meaning of the FELA and, therefore, plaintiff has no federal cause of action. The burden of proof on the issue of subject matter jurisdiction is on the party asserting jurisdiction and the court is free to weigh the evidence to determine whether jurisdiction has been established. See United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).

The FELA provides "[e]very common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence . . . of such carrier . . . ." 45 U.S.C. § 51. It further provides "[a]ny employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce . . . shall . . . be considered as being employed by such carrier in such commerce and shall be . . . entitled to the benefits of this chapter." Id. "Common carrier by railroad" means operating a railroad as a means of carrying for the public and there are a "number of activities and facilities which, while used in conjunction with railroads and closely related to railroading, are yet not railroading itself." Edwards v. Pacific Fruit Express Co., 390 U.S. 538, 540 (1968). Defendant contends it is not "carrying for the public" and is not engaged in interstate commerce. While plaintiff argues defendant has admitted it is a common carrier in proceedings before the Railroad Retirement Board ("RRB"), federal jurisdiction cannot be conferred by consent, admission or estoppel. See Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 189 (6th Cir. 1993) cert. denied, 511 U.S. 1084 (1994). The question is whether defendant offers or provides common carrier services. Id. at 187.

Defendant has submitted evidence that it does not provide common carrier services. The affidavit of Thomas Kamper, defendant's general manager, states defendant leases operational rights to 68 miles of track within the former Savanna Army Ammunition Depot, its locomotives and crews never leave the depot premises, defendant operates a railcar storage facility at the depot, it has negotiated contracts with seven customers to store empty railcars which are delivered to the depot by the Burlington Northern and Santa Fe Railway Co. ("BNSF"). BNSF moves the railcars from its mainline, down a spur and into the depot. Defendant takes the cars to empty areas within the depot for storage. Plaintiff does not refute these facts but rather relies on documents filed with the RRB in which defendant purports to admit it is a common carrier, on the fact that defendant's contracts with its customers include charges for switching services, and defendant actually billed its customers for switching services. However, performing switching services for customers cars which have been delivered and are subsequently removed by a common carrier does not make defendant a common carrier. See id. (Company operating only within a plant premises only using track of common carrier adjacent to plant to transfer shipments from plant to common carrier railroads is not a common carrier.) RRB's determination that defendant is a common carrier for purposes of the retirement system and statements made by defendant to RRB do not make defendant a common carrier for FELA purposes. See id. (Fact defendant was licensed as a common carrier and plaintiff was covered by railroad retirement did not make defendant a common carrier where not providing transportation services to the public or common carriers.)

Plaintiff has failed to provide sufficient evidence that defendant is operating as a common carrier. Accordingly, plaintiff's claim does not fall within the FELA and this court lacks subject matter jurisdiction over this claim. Defendant's motion to strike is denied. This case is dismissed in its entirety for lack of subject matter jurisdiction.

---

[1] Defendant also moves to strike portions of plaintiff's LR 56.1 response. The motion to strike is denied.